**ROSCITI CONSTRUCTION, INC., Petitioner**

v.

**LOT 10 OF THE EAST GREENWICH TOWN ASSESSOR'S PLAT 14, Michael Cinquegrano, and Anthony J. Regine, Respondents.**

Civ. A. No. 90–0300 L.

United States District Court, D. Rhode Island.

Jan. 17, 1991.

Thomas Caruolo, Providence, R.I., for petitioner.

Eileen M. Hagerty of Kern, Sosman, Hagerty, Roach & Carpenter, P.C., Boston, Mass., Kevin M. Brill, Providence, R.I., for NCUA.

Robert B. Mann, Providence, R.I., for Michael Cinquegrano.

James V. Paolino, Warwick, R.I., for Maggiacomo Ins. Agency.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter is before the Court on the petition of Rosciti Construction, Inc. ("Rosciti Construction"), to overrule the removal of this action from Rhode Island Superior Court to the United States District Court. This is, essentially, a motion to remand, pursuant to 28 U.S.C. § 1447(c), and the Court will treat it as such. The underlying action is for the enforcement of a mechanic's lien, brought by Rosciti Construction against the East Greenwich, Rhode Island, property where the work allegedly took place, and against the property owners, Michael Cinquegrano and Anthony J. Regine. The suit was removed by the National Credit Union Administration Board ("NCUA"), after it became a party to the suit and filed notice of its claim on the property.

## BACKGROUND

On May 8, 1990, Rosciti Construction filed a petition for enforcement of a mechanic's lien in the Rhode Island Superior Court for the County of Kent (K.M. No. 90–538). Notice of the filing of this petition was sent to NCUA on May 11, 1990.

Under the mechanic's lien statute, R.I.Gen. Laws § 34–28–14 (1956), notice must be sent to "all persons who have any title, claim, lease, mortgage, attachment or other lien or encumbrance to or in the property which is the subject matter of such petition." This description includes NCUA because, since November 15, 1989, it has served as conservator for the Fairlawn Credit Union, which holds a mortgage on the property. NCUA entered its appearance in the mechanic's lien action and filed a claim on June 20, 1990. One day later, on June 21, 1990, NCUA filed a notice of removal. Rosciti Construction filed the instant remand petition on August 30, 1990.

## DISCUSSION

■ Pursuant to 28 U.S.C. § 1447(c), the Court may grant a motion to remand if it finds it lacks subject matter jurisdiction over the suit, or if removal was procedurally defective.[1] Rosciti Construction's objections to removal fall into both categories: procedural and jurisdictional. The Court will address the procedural objections first.

■ Rosciti Construction asserts that NCUA's removal notice is inadequate under the removal statute, 28 U.S.C. § 1446(a), which requires "a short and plain statement of the grounds for removal." NCUA has submitted a three-page document, setting out succinctly its claim on the property as conservator for Fairlawn Credit Union, as well as its removal powers under 12 U.S.C. § 1789(a)(2), the section of the Federal Credit Union Act that confers upon NCUA power to act in such matters. The Court finds the removal notice is more than adequate to satisfy the requirements of § 1446(a).

1. 28 U.S.C. § 1447(c) provides:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The

■ Second, Rosciti Construction claims that NCUA's removal notice was not timely filed as required by 28 U.S.C. § 1446(b)[2], because it was not filed within thirty days of NCUA's receipt of the notice of the mechanic's lien petition. In *Federal Deposit Ins. Corp. v. Otero*, the First Circuit Court of Appeals found that the time limit in § 1446(b) was not triggered until the FDIC actually became a party to the suit:

We reject as frivolous appellant's claim that the removal petition was untimely under 28 U.S.C. § 1446(b). Although appellees had notice of the assignment of the notes to the FDIC in November 1977, the case was not "removable" within the meaning of the statute until the FDIC actually intervened in February 1978. The petition for removal was timely filed within 30 days of the FDIC's intervention.

598 F.2d 627, 633 n. 7 (1979). Because the FDIC has jurisdictional powers to intervene and remove virtually identical to those of NCUA, the Court may analogize that, in the present matter, the statute did not begin to toll until NCUA became a party to the action on June 20, 1990. Its entry as a party was timely under the mechanic's lien statute, R.I.Gen.Laws § 34–28–16, and its removal notice, filed the day after the suit became "removable," was timely as well.

■ Moreover, as to Rosciti Construction's procedural objections, the Court finds that they are moot because Rosciti Construction missed the time limit for filing its motion to remand, which constitutes a waiver of its objections to NCUA's removal procedures. Title 28 U.S.C. § 1447(c) requires that a motion to remand

State court may thereupon proceed with such case.

2. 28 U.S.C. § 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

based on a defect in removal procedure be made "within 30 days after the filing of the notice of removal under section 1446(a)." Here, NCUA filed its notice of removal on June 21, 1990. Rosciti Construction did not file the motion to remand until August 30, 1990, some seventy days later, and thus has waived its right to make procedural objections.

■ Section 1447(c), however, as well as Federal Rule of Civil Procedure 12(b)(1), both permit Rosciti Construction to raise an objection concerning the Court's subject matter jurisdiction after the 30–day time limit has expired. It is to subject matter jurisdiction that the Court will now turn its attention.

NCUA receives its broad grant to invoke federal court subject matter jurisdiction from two sources. Because NCUA is a federal agency[3], 28 U.S.C. § 1345 provides federal court jurisdiction for all suits it initiates:

> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

■ The Federal Credit Union Act, which created NCUA, also authorizes NCUA to remove to federal court any suit to which it is a party. The Act, specifically 12 U.S.C. § 1789(a)(2), provides in part:

> (a) In carrying out the purposes of this subchapter, the Board may—
>
> (2) sue and be sued, complain and defend, in any court of law or equity, State or Federal. *All suits of a civil nature at common law or in equity to which the Board shall be a party shall be deemed to arise under the laws of the United States*, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy. *The Board may, without bond or se-curity, remove any such action, suit or proceeding from a State court to the United States district court* for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect, ... (Emphasis added).

For a more extensive analysis of federal subject matter jurisdiction over NCUA matters, see this Court's related opinion in *National Credit Union Administration Board v. Anthony J. Regine, et al.*, 749 F.Supp. 401, 408–411 (D.R.I.1990).

It is apparent that, in accordance with the federal jurisdiction and removal powers granted by 12 U.S.C. § 1789(a)(2), NCUA was authorized to remove this state mechanic's lien action to federal court as soon as it became a party to the suit. However, Rosciti Construction raises two objections to the application of 12 U.S.C. § 1789(a)(2) to the present dispute.

■ First, Rosciti Construction claims, NCUA is not truly a party to this suit. NCUA, as conservator, stands in the shoes of the mortgagee, Fairlawn Credit Union, and, in that capacity, seeks to establish an interest in the land with priority over Rosciti Construction's claim. This kind of claim is precisely what is anticipated by the mechanic's lien statute, R.I.Gen.Laws § 34–28–16(a), when it states, "... such person [with "a title, claim, lease, mortgage, attachment or other lien or encumbrance"] shall, within twenty (20) days after such return day, enter an appearance *as a party* in the cause commenced by the petition ..." (emphasis added). The Court, therefore, concludes that NCUA is indeed a "party" to the mechanic's lien action.

■ Rosciti Construction's second argument is that, because § 1789(a)(2) encompasses only "suits of a civil nature at common law or in equity," it does not include petitions of this kind to enforce mechanic's liens because they are statutory. Rule 2 of

---

**3.** *See* 12 U.S.C. § 1752a which provides:
There is established in the executive branch of the Government an independent agency to be known as the National Credit Union Adminis-tration. The Administration shall be under the management of a National Credit Union Administration Board.

18

the Federal Rules of Civil Procedure, which effected the merger of law and equity in 1938, created one form of action known as "civil action." There is no third category of lawsuits which are exclusively statutory in nature. When the distinction between actions continues to be important, generally the historical analogs are researched to identify an action as one with roots at law or in equity. An action to foreclose a lien is, historically-speaking, equitable in nature. *Damsky v. Zavatt*, 289 F.2d 46, 53 (2nd Cir.1961). The Court finds that 12 U.S.C. § 1789 does apply to the present mechanic's lien proceeding because, clearly, it is "of a civil nature at common law or in equity."

Because there are no valid procedural or jurisdictional reasons that NCUA cannot remove this mechanic's lien action to the United States District Court, this Court rules that the removal was proper and denies Rosciti Construction's motion to remand the case to state court.

*It is so Ordered.*